**UNITED STATES of America,
Appellee,**

v.

**Alfonso PHILIS, Defendant–Appellant.**

No. 05–4480–cr.

United States Court of Appeals,
Second Circuit.

Sept. 21, 2006.

Donald Yannella, New York, NY, for Appellant.

Michael A. Levy, (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, on the brief, Celeste L. Koeleveld, Assistant United States Attorney, Eastern District of New York, of counsel), Brooklyn, NY, for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Alfonso Philis appeals from the judgment, after a jury trial, finding appellant guilty on one count each (1) of violating 18 U.S.C. § 201(b)(2) by accepting a bribe in exchange for being influenced in the performance of his official duties as an employee of the Social Security Administration ("SSA") and (2) violating 18 U.S.C. § 1030(a)(4) by using a government computer to commit fraud. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

The petitioner claims that the jury could not have convicted him of accepting a bribe and using a government computer to alter dates of birth in exchange for money because there was insufficient evidence to prove either that he had the intent to be influenced or to defraud. The petitioner is simply wrong. Philis asserts that his testimony repudiating his confession, along with the inconsistencies within the confession itself, made it impossible for the jury to find him guilty. The jury, however, may rely on a confession as evidence of guilt if it is adequately and independently corroborated by other evidence in the record, *United States v. Gargiso*, 456 F.2d 584, 588 (2d Cir.1972) (defendant's admission to investigators coupled with independent corroboration sufficiently established key element of crime), and is also "free to draw negative inferences from an untruthful witness's testimony as long as there is affirmative testimony to supplement or corroborate those negative inferences." *United States v. Velasquez*, 271 F.3d 364,

371 (2d Cir.2001) (quoting *United States v. Eisen*, 974 F.2d 246, 259 (2d Cir.1992)).

Philis' confession is corroborated by, *inter alia*, the evidence introduced at trial: that 19 out of 22 changes made by him were in the names of non-existent individuals; that of these 19 changes, 18 of them listed the same father on the application and all of them involved changes in the applicant's date of birth by at least 20 years; that he had made twice as many date-of-birth changes as any other employee at the Bedford–Stuyvesant SSA Office between January and March 2002; and that 39 of the 41 date-of-birth changes the other employees at that office had made during that three-month time period involved changes of less than 5 years. These facts corroborate the statement in his confession that he accepted money to "change several [individuals] . . . from a baby to a grown-up." "[D]rawing all inferences and resolving all issues of credibility in the government's favor," *United States v. Abelis*, 146 F.3d 73, 80 (2d Cir.1998), the jury could, based on the record, easily have concluded beyond a reasonable doubt that Philis had the requisite intent to commit bribery and computer fraud. Accordingly, Philis did not meet the "heavy burden" required to challenge the sufficiency of the evidence for his conviction, such that "no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *United States v. Gaskin*, 364 F.3d 438, 459–60 (2d Cir.2004).

Accordingly, the district court's judgment of conviction and sentence is AFFIRMED.